*United State District Court for the Southern District of Indiana*

BOB L. DENHAM )
    Plaintiff, )
                    )
v )
                      )
UNISON ENGINE COMPONENTS,)
dba GE AVIATION,
    Defendant

*United State District Court*
*Cause No:* 2:20-cv-00236-JMS-DLP

**FILED**

MAY -1 2020

U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

NOW COMES Plaintiff Bob L. Denham, pro se and states the following:

### I. PARTIES AND JURISDICTION

1. At all times material hereto, Plaintiff was a resident of the County of Vigo, State of Indiana.
2. Plaintiff's employment matter that is the subject matter of this proceeding took place in the County of Vigo, State of Indiana.
3. At all times material hereto, Defendant Unison Engine Components / GE Aviation was a corporation doing conducting business at 333 S 3rd St, Terre Haute, IN 47807 in the County of Vigo, State of Indiana.
4. This Court has jurisdiction of this matter pursuant to Title VII of the Civil Right Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and Indiana Code IC 22-9.

### II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff was employed with by Defendant from approximately September 2018 to September 2019. His employment was terminated in September 2019 dues to circumstances arising from the allegations set forth in this Complaint.
6. Plaintiff has exhausted all administrative remedies prior to filing this Complaint. On or about October 27, 2019, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) in Indianapolis, IN. On February 3, 2020 the EEOC issued a dismissal of Plaintiff's EEOC complaint against Defendant.

### III. FIRST CLAIM – RACIAL DISCRIMINATION

7. Plaintiff, an African-American, was hired by Defendant in late September 2018 to the position of "Inventory Stores Clerk Attendant", and paid at the rate of approximately $13-14 per hour.

8. Shortly after Plaintiff was hired, he was assigned a workstation in close proximately to Henry Anthony "Tokar". Henry had been employed by Defendant for about 30 years.

9. In an early conversation with Plaintiff, Tokar advised Plaintiff: "That he better have (thick skin). Defendant claimed to (Plaintiff - Bob) "If you don't have thick skin and take a joke, you won't last long on this job."

10. Into early November 2018, Tokar and other co-workers gathered at Tokar's workstation and, within clear hearing distance of Plaintiff, Tokar made racially disparaging comments using the word "Nigger", telling demeaning jokes about former President Obama, Martin Luther King, Jr., slavery and other African-Americans.

11. Tokar's racial remarks were made with the clear intention of disturbing and ridiculing Plaintiff.

12. Plaintiff reported this matter to his Supervisor and to Defendant's Human Relations Department, but no actions were taken.

13. Tokar's racial comments and (Defendant's – GE Aviation) refusal to remedy this situation create a discriminatory hostile work situation.

### IV. SECOND CLAIM – SEXUAL HARASSMENT

14. Tokar followed his racially discriminatory comments and "jokes" by exhibiting purposefully outrageous behavior in Plaintiff's presence, including the blatant presence of guns and child pornography.

15. On numerous occasions, Tokar used company supplies and Wi-Fi to view and exhibit Asian child pornography in Plaintiff's presence, knowing that this material would disturb Plaintiff and create adverse work environment.

16. Tokar engaged in this behavior for the express purpose or effect of unreasonably interfering with Plaintiff's work performance. Tokar's conduct created an intimidating, hostile, and offensive working environment.

17. Plaintiff informed Tokar numerous times that the pornography was totally unacceptable. However, Tokar did not cease the open exhibitions of pornography and his bold

outlandish fetishes for pedophilia. The Defendant even admitted looking at child pornography on July, 25th 2019 during a meeting with GE Aviation Corporate Representative when she ask him about it.

18. Plaintiff reported Tokar to Human Relations Department, but no remedial steps were taken, and Tokar conduct continued.

## V.   THIRD CLAIM – RETALIATION

19. Plaintiff's repeated complaints about the employee to the Defendant but the results were unheeded. He informed Defendant of Tokar's discriminatory and harassing behaviors. Defendant did nothing to curb the discrimination or harassment.

20. On September, 4th 2019, Plaintiff's continued complaints led to an unlawful adverse employment action. He was terminated.

WHEREFORE, Plaintiff requests that this Court take the following actions:

1. Find Defendant liable for: Employment Discrimination based on Race; Sexual Harassment; and Employment Retaliation;

2. Grant the Plaintiff damages, including lost pay, compensatory and punitive damages of over $100,000.00

3. And such other relief as this Court deems proper.

Submitted this 1st day of May, 2020.

Bob L. Denham
Plaintiff, Pro Se
PO Box 2062
Terre Haute, IN 47802

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this Complaint for Employment Discrimination on Defendant by placing a copy in the United States mail to the following addresses:

Unison Engine Components, Inc.
CT Corporation System
150 West Market Street, Suite 800,
Indianapolis, IN, 46204

GE Aviation
333 S. 3rd Street
Terre Haute, IN 47807

Bob L. Denham